# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE BELMONTES, | Case No.: 1:15-cv-01623- JLT |
| Plaintiff, | ORDER GRANTING COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO |
| v. | 42 U.S.C. § 406(b) |
| NANCY A. BERRYHILL[1], Acting Commissioner of Social Security, | (Doc. 20) |
| Defendant. | |

Lawrence Rohlfing, counsel for Plaintiff Jose Belmontes, seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b). (Doc. 20) Neither Plaintiff nor the Commissioner of Social Security oppose the motion.[2] For the following reasons, the motion for attorney fees is **GRANTED**.

## I.      Relevant Background

Plaintiff entered into a contingent fee agreement with the Law Offices of Lawrence D. Rohlfing on April 14, 2010, which provided that counsel was entitled to an award of "25% of the backpay awarded" in the event that judicial review of an administrative decision was required, and the adverse decision of an ALJ was reversed. (Doc. 20-1 at 1) In addition, the agreement indicated the fees were "subject to approval by the court with jurisdiction." (*Id.*)

---

[1] Nancy A. Berryhill is now Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Court substitutes Nancy A. Berryhill for her predecessor, Carolyn W. Colvin, as the defendant.

[2] The Commissioner filed a response to the motion, indicating she was "not in a position to either assent or object to the § 406(b) fees that Counsel seeks from Plaintiff," though the Commissioner offered an "analysis of the requested fees to assist this Court." (Doc. 21 at 2)

Plaintiff sought judicial review of the ALJ's decision by filing a complaint with this Court on December 21, 2010, thereby initiating Case No. 1:10-cv-02378-JLT. The Court found the ALJ failed to inquire whether there was a conflict between the vocational expert's testimony and the job descriptions provided in the *Dictionary of Occupational Titles*. (Case No. 1:10-cv-02378-JLT, Doc. 21 at 9-14) Accordingly, the Court remanded the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (*Id.* at 14-15; *see also* Doc. 7-16 at 42-57) Following the entry of judgment in favor of Plaintiff, the Court awarded fees in the amount of $3,200.00 under the Equal Access to Justice Act. (Doc. 23 at 1; Doc. 24 at 1)

Upon the remand, the ALJ issued an unfavorable decision finding Plaintiff was not disabled from October 2, 2007 through the date of the decision, issued on March 21, 2014. (Doc. 7-14 at 20, 46) The ALJ's decision became the final decision of the Commissioner on September 3, 2015. (*Id.* at 2) Plaintiff then filed a complaint for judicial review of the second administrative decision denying his applications for Social Security benefits on October 23, 2015. (Doc. 1)

The Court determined the ALJ erred in evaluating the medical record and the opinion of Plaintiff's treating physician. (Doc. 16 at 1, 13-14) Therefore, the Court remanded the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (*Id.* at 15) Following the entry of judgment in favor of Plaintiff (Doc. 17), the Court awarded fees and expenses in the amount of $4,914.00 under the Equal Access to Justice Act. (Doc. 18 at 1; Doc. 19 at 1)

Following the remand, an ALJ issued a "fully favorable decision" awarding Plaintiff benefits, finding he was disabled as of October 2, 2017. (Doc. 20-2 at 1; Doc. 20-3 at 2) On June 26, 2018, the Commissioner concluded Plaintiff was "entitled to monthly disability benefits from Social Security beginning April 2008." (Doc. 20-3 at 1) Accordingly, Plaintiff was entitled to past due benefits totaling $128,339.00 in past-due disability benefits, out of which the Commissioner withheld 25% — in the amount of $32,084.75 — for payment of attorney's fees. (Doc. 20-3 at 3)

## II.     Attorney Fees under § 406(b)

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, *et*

> *seq*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). A contingency fee agreement is unenforceable if it provides for fees exceeding twenty-five percent of past-due benefits. *Id.* at 807.

### III. Discussion and Analysis

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id.* at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

Plaintiff entered into the contingent fee agreement in which he agreed to pay twenty-five percent of any awarded retroactive benefits. The Law Offices of Lawrence D. Rohlfing accepted the risk of loss in the representation and expended a total of 41.41 hours while representing Plaintiff before the District Court. (Doc. 20 at 3; Doc. 20-4 at 1-2) As a result of counsel's work, the matter was remanded twice by the District Court for further proceedings before an administrative law judge, who issued a fully favorable decision and awarded Plaintiff benefits for disability. For this, Mr. Rohlfing requests a fee of $32,084.75. (Doc. 20 at 1) Because $8,114.00 was paid under the EAJA, the net cost to Plaintiff is $23,970.75. (*Id.* at 7) Finally, although served with the motion and informed of the right to oppose the fee request (Doc. 27-1 at 2, 11), Plaintiff did not file an opposition and thereby indicates his belief that the fee request is reasonable.

Significantly, there is no indication Mr. Rohlfing performed in a substandard manner or engaged in severe dilatory conduct to the extent that a reduction in fees is warranted. To the contrary, Plaintiff was able to secure a fully favorable decision following the second remand for further

proceedings, including an award of past-due benefits. Accordingly, the Court finds the fees sought by Ms. Rohlfing are reasonable in light the results achieved in this action, and the amount does not exceed twenty-five percent maximum permitted under 42 U.S.C. §406(b).

**IV. Conclusion and Order**

Based upon the foregoing, the Court **ORDERS**:

1. The motion for attorney fees pursuant to 24 U.S.C. §406(b) in the amount of $32,084.75 is **GRANTED**;
2. The Commissioner shall pay the amount directly to Counsel, Lawrence Rohlfing; and
3. Counsel **SHALL** refund $8,114.00 to Plaintiff Jose Belmontes.

IT IS SO ORDERED.

Dated: **July 25, 2018**         **/s/ Jennifer L. Thurston**
                                 UNITED STATES MAGISTRATE JUDGE